**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| IN RE: } | |
| DONALD L. YOUNG, } | Case. No. 05-94375-H2-13 |
| } | |
| *Debtor*. } | |
| ———————————————————————— | |
| } | |
| DONALD LEE YOUNG } | |
| *Appellant* } | Adversary No. 06-3302 |
| v. } | Civil Action No. 06-3378 |
| } | |
| CHRIS DI FERRANTE, } | |
| *Appellee*, } | |

**OPINION AND ORDER**

This is an appeal from an order by the bankruptcy court granting Appellee Chris Di Ferrante's ("Di Ferrante") motion for summary judgment and denying Appellant Donald Lee Young's ("Young") motion to reconsider. For the following reasons, the court ORDERS that the judgment of the bankruptcy court is AFFIRMED.

I. Relevant Facts

Young initiated this adversary proceeding against Di Ferrante in March 2006 complaining that Di Ferrante violated the bankruptcy court's automatic stay in several ways. First, Young claims Di Ferrante sent him a demand letter concerning Lot 26, Block 4, West Kemah Subdivision, Galveston County, Texas ("the Kemah Property"). Second, Young claims Di Ferrante sent him a Notice of Trustee's Sale for lots 41 and 42, Block 134, San Leon Townsite, Galveston, Texas ("the San Leon Property"). Finally, Young claims Di Ferrante filed a motion for partial summary judgment against Young in a tax suit in Galveston County, Texas.

In June 2006, Di Ferrante moved for summary judgment on all of Young's claims. Young did not respond to Di Ferrante's motion, and, on August 3rd, the motion was granted. Young's request that the court reconsider its decision was filed on August 14th and denied on October 10th.

II. Law

    A. Standard for Motions to Reconsider under Rule 59(e)

A motion to alter or amend a judgment under Rule 59(e) "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863-64 (5th Cir. 2003), *quoting Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir.1990). It "cannot be used to raise arguments which could, and should, have been made before the judgment issued."

A denial of a motion to reconsider a grant of summary judgment is reviewed for abuse of discretion. *ICEE Distribs. Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006). The primary consideration is whether the lower court adequately balanced the following factors: (1) the need to bring the litigation to an end; and (2) the need to render just decisions on the basis of all the facts. *Templet v. Hydrochem. Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) *(citing Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167 (5th Cir. 1990)).

    B. Standard for Summary Judgment

The movant seeking a federal summary judgment initially must inform the court of the basis for his motion and point out those portions of the pleadings, depositions, answers to interrogatories, and admissions on file that demonstrate the absence of a genuine issue of material fact and show that he is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The movant need not negate the opposing party's claims nor produce evidence showing an absence of a genuine factual issue, but may rely on the absence of evidence to support essential elements of opposing party's claims. *International Assoc. of Machinists & Aerospace Workers, Lodge No. 2504 v. Intercontinental Mfg. Co.*, 812 F.2d 219, 222 (5th Cir. 1987). The burden then shifts to the non-movant to set forth specific facts and competent summary judgment evidence to raise a genuine issue of material fact on each essential element of any claim on which he bears the burden of proof at trial. Fed. R. Civ. P. 56(c). The substantive law governing the suit identifies the essential elements of the claims at issue and

therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

All reasonable inferences must be drawn in favor of the non-moving party. *Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574. 587-88 (1986), *citing United States v. Diebold*, 369 U.S. 654, 655 (1962). However, once the burden of proof has shifted to the non-movant, he "must do more than simply show that there is some metaphysical doubt as to the material facts." *Id*. at 586. The non-moving party may not rest on mere allegations or denials in its pleadings, but must produce affirmative evidence and specific facts. *Anderson*, 477 U.S. at 256-57. "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Id*., 477 U.S. at 249-50. A mere scintilla of evidence will not preclude granting of a motion for summary judgment. *Id*. at 252. Instead, the non-movant must "go beyond the pleadings and by her own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." *Webb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir. 1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions are not competent summary judgment evidence. *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir.); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir.). Nor are pleadings summary judgment evidence. *Wallace v. Texas Tech University*, 80 F.3d 1042, 1046 (5th Cir. 1996), *citing Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)(en banc). Finally, the court is not required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998), *citing Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992).

IV. <u>Application of Law to the Facts</u>

In his brief, Young argues that the bankruptcy court erred twice: First, when it granted Di Ferrante's motion for summary judgment; and second, when it refused to reconsider its decision to do so. The heart of Young's claim is that the court had a duty to examine the record, and had it done so, it would have found evidence substantiating his claims. Young's theory, however, relies on precedent that has been superceded in the Fifth Circuit and across the nation.

Young's relies exclusively on *Higgenbotham v. Ochsner Found. Hosp.*, 607 F.2d 653 (5th Cir. 1979), for the proposition that a court must examine the record for fact issues when deciding a motion for summary judgment. *Higgenbotham*, however, has been superceded by the Supreme Court's summary judgment trilogy, *Anderson, Celotex and Matsushita*. Under current law, when the non-movant fails refer to evidence in the summary judgment record, that evidence is not properly before the court. *Smith v. United States,* 391 F.3d 621, 625 (5th Cir. 2004), *quoting Malacara v. Garber*, 353 F.3d 393, 405 (5th Cir. 2003). Moreover, that evidence should not be taken into account by a reviewing court. *See Skotak* 953 F.2d 915-916. Accordingly, Young's first point of error is rejected.

Young's second point of error is also rejected. The bankruptcy court correctly exercised its discretion to deny Young's motion to reconsider. A litigant may not rest on his laurels in the face of a pending dispositive motion only to later argue that the court's failure to reconsider its prior, proper, order resulted in an injustice. Our system is not a paternalistic one; it requires litigants to be the advocates of their own causes.

V. <u>Conclusion</u>

For the aforementioned reasons, the court orders that the judgement of the bankruptcy court is AFFIRMED.

**SIGNED** at Houston, Texas, this 29th day of August, 2007.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE